IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division


MUKESH PATEL,

        Plaintiff,

v.

                                                  Civil Action No. 4:13cv59

HARSHAD D. BAROT,
PRAKASH D. BAROT,
CAAP HOSPITALITY, LLC,
SHRINIDHI CORPORATION, INC.
      and
DBSH, LLC,

        Defendants.

## OPINION AND ORDER

This matter came before the Court on the Motions of James R. Theuer, PLLC ("Theuer") to

Intervene and for Order of Contempt and Entry of Judgment ("Motions"), Docs. 56 & 57.   Ruling

from the bench, the Court **GRANTED** the Motion to Intervene, Doc. 56, and **RESERVED**

**RULING** on the Motion for Order of Contempt and Entry of Judgment, Doc. 57.

**I.**    **Factual and Procedural Background**

On May 2, 2013, Plaintiff Mukesh Patel ("Patel" or "Plaintiff") filed a Complaint against

the Defendants, alleging violations of the Fair Labor Standards Act ("FLSA"), violations of

Virginia's minimum wage law, assault, and battery.   Doc. 1.   A settlement conference was held

before Magistrate Judge Lawrence Leonard on January 14, 2014.   Settlement discussions

continued, Doc. 43 at 2, and a Joint Notice of Settlement was filed on January 27, 2014, Doc. 38.

A Motion for Settlement and Dismissal was filed by the Defendants on February 5, 2014.   Doc.

1

39. A Motion for Settlement Approval was filed on February 7, 2014. Doc. 42. Plaintiff then filed a Memorandum in Opposition to the Motion on February 19, 2014. Doc. 44. Plaintiff's counsel, James R. Theuer, then filed a Motion to Withdraw that same day. Doc. 45.

Plaintiff's opposition did not state why he opposed the settlement. Doc. 44. In their supporting Memorandum, Defendants submitted an e-mail from Plaintiff's counsel stating, in whole:

> This confirms that Plaintiff accepts the offer of settlement, to wit:
>
> Defendants will pay $100,000 in six equal installments beginning 14 days from court approval and on 30-day intervals thereafter. Plaintiff will designate the allocation. In addition, Defendants will not dispute such that Plaintiff will get the $4855.85 on deposit with DOL from DBSH. The settlement amount will be secured through a promissory note and recorded DOT by CAAP Hospitality, LLC, against the Hampton Bay Plaza hotel property. Court retains jurisdiction to enforce the settlement.

Doc. 39-1. The e-mail is signed by Plaintiff's counsel. Id.

In an Order dated April 23, 2014, the Court granted Defendants' Motion for Settlement Approval and enforced the settlement agreement. Patel v. Barot, 2014 WL 1624001 (E.D. Va. Apr. 23, 2014). While the Order does not contain any language specifically stating that the Court retained jurisdiction to enforce the settlement, the Court found that Plaintiff "authorized Theuer to settle the case according to the terms of the e-mail." Id. at *4. Additionally, the Court found that an enforceable settlement was reached, and that the terms of the settlement were those contained in the e-mail, which stated the Court retains jurisdiction of the settlement. Id. at *5 n.7. The Order approved the allocation of $38,856.85 in attorney's fees and costs to Theuer to be paid out of the settlement proceeds. Id. at *6. The Defendants have not made any installment payments to Theuer, nor has the above-reference deed of trust been executed.

Theuer filed the instant Motions on May 20, 2014. Docs. 56 & 57. Defendants filed their

2

Opposition to the Motions on June 4, 2014.[1] Doc. 60.

## II.    Legal Standards

Federal Rule of Civil Procedure 24(a)(2) allows for intervention of right when someone "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Fourth Circuit has parsed this rule into four threshold requirements:

> First, the intervenor must submit a timely motion to intervene in the adversary proceeding. Second, he must demonstrate a "direct and substantial interest" in the property or transaction. Third, he has to prove that the interest would be impaired if intervention was not allowed. Finally, he must establish that the interest is inadequately represented by existing parties.

Richman v. First Women's Bank, 104 F.3d 654, 659 (4th Cir. 1997). Federal Rule of Civil Procedure 24(c) requires that the motion to intervene be served in accordance with Federal Rule of Civil Procedure 5, and that it "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

District courts have the inherent authority to enforce settlement agreements. Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002). However, because federal courts are courts of limited jurisdiction, "a district court may not enforce a Settlement Agreement unless 'the agreement had been approved and incorporated into an order of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction.'" Columbus-Am. Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 299 (4th Cir. 2000) (quoting Fairfax Countywide Citizens Ass'n v. Fairfax Cnty., 571 F.2d 1299,

---

1 Theuer also filed a Local Rule 7(E) Notice, Doc. 59, but as Defendants correctly argued, it was premature. Doc. 60 at 1.

1303 (4th Cir. 1978)). However, there is jurisdiction to enforce the settlement agreement if the court approves and incorporates it into its order. Columbus-Am., 203 F.3d at 299 (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381 (1994)).

### III. Analysis

#### a. Jurisdiction to Enforce the Settlement

Defendants argued that this Court does not have jurisdiction to enforce the settlement agreement because "[t]he order did not incorporate the terms of the settlement agreement or include any other language giving the parties the right to reopen the case to enforce the Settlement Agreement." Doc. 60 at 3. While the Court's Order did not include specific language retaining jurisdiction, the e-mail that the Court found constituted the terms of the settlement said that the Court retained jurisdiction. The Court found these terms constituted an enforceable settlement agreement. Thus, the Court approved settlement terms stating that the Court would retain jurisdiction over the settlement, and entered an appropriate Order.

Furthermore, this action arose under the FLSA, which requires court approval of a settlement agreement. Boone v. City of Suffolk, Va., 79 F. Supp. 2d 603, 609 (E.D. Va. 1999). Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982), the seminal case regarding approval of FLSA settlements, speaks of such approval as requiring the entry of "a stipulated judgment." The district court can compel parties to satisfy judgments entered against them. Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 765 (4th Cir. 2011). Therefore, this Court does have jurisdiction to hear the matter.

#### b. Intervention

Defendants did not contest the fact that Theuer can intervene in this case, and instead focused their arguments on the lack of jurisdiction and their inability to pay Theuer. Doc. 60 at 2–

4

3.

In Gaines v. Dixie Carriers, Inc., 434 F.2d 52, 53 (5th Cir. 1970) (per curiam), the plaintiff

fired a law firm with which he had signed a contingency fee agreement.   The law firm then

subsequently moved to intervene in the lawsuit.   Id.   The Fifth Circuit found that "the law firm

here claimed an interest in the subject of the action ... and is so situated that the final disposition of

the action may as a practical matter impair or impede its ability to protect that interest."   Id.

However, this decision has been heavily criticized.   Later panels of the Fifth Circuit have

questioned the wisdom of Gaines' holding.   See Keith v. St. George Packing Co., 806 F.2d 525,

526 (5th Cir. 1986) ("Although Gaines may not represent the most persuasive use of Fed. R. Civ.

P. 24, it binds us as law of this Circuit until modified en banc.") (citing Gilbert v. Johnson, 601

F.2d 761, 767–68 (5th Cir. 1979) (Rubin, J., specially concurring)).   Courts from other

jurisdictions have since rejected the logic of Gaines, and found that an attorney is not entitled to

intervene to protect his interest in recovering fees.   See, e.g., Butler, Fitzgerald & Potter v. Sequa

Corp., 250 F.3d 171, 179 (2nd Cir. 2011) (declining "to decide whether the financial stake of

discharged counsel in its former client's action is the type of interest contemplated by Rule 24(a)");

Newman v. Mutual Life Ins. Co. of New York, 206 F.R.D. 410, 411 (D. Md. 2002) (rejecting the

Fifth Circuit line of cases and finding a discharged law firm could not intervene in a subsequently

filed lawsuit).

However, these cases address the issue of attorneys seeking to intervene in ongoing

litigation.   For example, the Butler court discussed a large-range of policy considerations in

reaching its conclusion, all focusing on the effect of intervention on ongoing litigation.   One such

concern raised by the Butler court was that "an intervenor-counsel might advance arguments either

not raised, or even in conflict with those already made, unintentionally undermining the current

trial strategy of his former client." <u>Butler</u>, 250 F.3d at 178. Additionally, while both the former lawyer and client will want the client to succeed, there could be different cost-benefit calculations, such as the client's desire for equitable relief as opposed to monetary compensation. <u>Id.</u> at 179. Furthermore, the ability of former counsel to intervene after a client terminates the attorney-client relationship "impugns the historical privilege of clients to decide who will represent them, and when that representation will cease." <u>Id.</u> Thus, the Second Circuit declined to allow intervention, noting that "[u]nder New York law, the attorney still has an avenue to recover legal fees owed via a plenary action in <u>quantum meruit</u> for the reasonable value of services rendered." <u>Id.</u>

However, in the instant case, there is no concern about Theuer raising a different legal strategy, as this case has been dismissed with prejudice. Furthermore, Patel compelled the Court to grant Theuer's Motion to Withdraw because of his attempt to back out of the settlement. Accordingly, in this instance, the Fifth Circuit's line of cases is more persuasive.

Looking at the Fourth Circuit's four factors, Theuer can easily meet factors (2) and (4). He has a direct and substantial interest in enforcing the settlement, as he is entitled to $38,856.85 from the terms of the settlement. Additionally, his interest is inadequately represented because Plaintiff has not moved to enforce the settlement, and Defendants are failing to uphold their obligations under it.

Concerning factor (1), while intervention is not appropriate once an action is terminated, <u>Black v. Central Motor Lines, Inc.</u>, 500 F.2d 407, 408 (4th Cir. 1974), because the Court has jurisdiction to enforce the settlement, it can hear an intervenor attempting to enforce the settlement. <u>Cf.</u> <u>Shy v. Navistar Int'l Corp.</u>, 291 F.R.D. 128, 133 (S.D. Ohio 2013) ("There is ample precedent for postjudgment intervention under Federal Rule 24."). Theuer's Motions were

filed less than one month after the entry of the Order approving the settlement, and two weeks after the first payment was due.

Concerning factor (3), Theuer's interest will be impaired without intervention. It is undisputed that Defendants have not performed their obligations pursuant to the settlement agreement and this Court's order. Accordingly, the Court **GRANTED** the Motion to Intervene.

### c. Enforcing the Settlement

The Defendants proffered reason for not submitting timely payments is that their business is struggling, and that the non-party owners of CAAP Hospitality, LLC refuse to approve the deed of trust on the hotel property. Doc. 60 at 3. Defendants instead have offered to pay Theuer approximately $500/month and to offer a security interest in real property at 512 Rushwood Court, Suffolk, VA 23435. Id.

However, the inability to pay is not an excuse for non-performance of the settlement terms. Thus, the Court **ORDERED** that Defendants perform their obligations in accordance with the settlement agreement and April 23, 2014 Order. The Court **SET** a hearing for June 23, 2014 at 12:00 p.m. to determine sanctions and the appropriate remedy if Defendants fail to perform their obligations.

### d. Finding Defendants in Contempt

Finally, Theuer asked the Court to find Defendants in contempt for failing to abide by the terms of the settlement and the April 23, 2014 Order.

"Contempt is a 'severe remedy and should not be resorted to where there is fair ground of doubt as to the wrongfulness of the defendant's conduct.'" ePlus Inc. v. Lawson Software, Inc., 946 F. Supp. 2d 472, 478 (E.D. Va. 2013) (quoting Cal. Artificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618 (1885)). Civil contempt is designed "'to coerce obedience to a court order or to

compensate the complainant for losses sustained as a result of the contumacy.'" Cromer v. Kraft Foods N. Am., 390 F.3d 812, 821 (4th Cir. 2004) (quoting In re General Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995)). Criminal contempt is designed to punish the wrongdoer and deter future misconduct. Cromer, 390 F.2d at 822. Civil contempt requires proof by clear and convincing evidence of:

> (1) The existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) ... that the decree was in the movant's "favor" (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) ... that [the] movant suffered harm as a result."

Capital Source Fin., LLC v. Delco Oil, Inc., 520 F. Supp. 2d 684, 687 (D. Md. 2007) (quoting Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000)). Before attorney's fees can be awarded, it must be shown that the contemnor's conduct rose to the level of "obstinence or recalcitrance." Capital Source, 520 F. Supp. 2d at 687 (internal citations omitted).

At the hearing, the Court found that contempt was not an appropriate sanction at this time, and instead gave the Defendants until June 23, 2014 to come into compliance with the terms of the settlement agreement. However, if Defendants disregard this Order and fail to perform, the Court will consider the entry of contempt at the June 23, 2014 hearing.

### IV. Conclusion

Theuer's Motion to Intervene, Doc. 56, was **GRANTED.** Defendants were **ORDERED** to comply with the terms of the settlement agreement and this Court's April 23, 2014 Order by June 23, 2014. A hearing was **SCHEDULED** for June 23, 2014 at 12:00 p.m. for the purposes of determining the appropriate remedy and sanctions if Defendants' do not comply with the terms of this Court's Orders.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record, as well as to pro se Plaintiff Patel.

It is so **ORDERED.**

/s/
_____
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: June ___13___, 2014

9