IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

MUKESH PATEL,

    Plaintiff,

v.

                                                     Civil Action No. 4:13cv59

HARSHAD D. BAROT,
PRAKASH D. BAROT,
CAAP HOSPITALITY, LLC,
SHRINIDHI CORPORATION, INC.
    and
DBSH, LLC,

    Defendants.

## OPINION AND ORDER

This matter came before the Court on the Motion of Intervenor James R. Theuer, PLLC ("Theuer") for Order of Contempt and Entry of Judgment ("Motion"), Doc. 57. Ruling from the bench, the Court **FOUND** Defendants in intentional, bad-faith violation of the Court's April 23, 2014 and June 13, 2014 Orders.

### I.    Factual and Procedural Background

A full description of the factual and procedural background can be found in this Court's previous Orders. Only the most relevant facts are restated below.

In an Order dated April 23, 2014, the Court granted Defendants' Motion for Settlement. Patel v. Barot, 2014 WL 1624001 (E.D. Va. Apr. 23, 2014). The Court permitted Plaintiff Mukesh Patel's ("Plaintiff" or "Patel") counsel to testify and thus granted his Motion to Withdraw as counsel for Plaintiff. The Court found that the following terms contained in an e-mail from

1

Plaintiff's counsel constituted the terms of the settlement:

> This confirms that Plaintiff accepts the offer of settlement, to wit:
>
> Defendants will pay $100,000 in six equal installments beginning 14 days from court approval and on 30-day intervals thereafter. Plaintiff will designate the allocation. In addition, Defendants will not dispute such that Plaintiff will get the $4855.85 on deposit with DOL from DBSH. The settlement amount will be secured through a promissory note and recorded DOT by CAAP Hospitality, LLC, against the Hampton Bay Plaza hotel property. Court retains jurisdiction to enforce the settlement.

Id. at *1, *5 n.7. Defendants failed to comply with this Order, and Theuer filed Motions to Intervene and for Entry of Judgment and Order of Contempt. Docs. 56 & 57.

In an Order dated June 13, 2014, the Court granted Theuer's Motion to Intervene and ordered Defendants to comply with the April 23 Order by 12:00 p.m. on June 23, 2014. Doc. 62 at 8. On June 20, 2014, Theuer faxed a letter to the Court stating that Defendants had paid him $13,000 and executed a deed of trust (DOT) on the hotel property in his favor.

At the hearing, the Court learned that the DOT was executed in favor of Theuer only, and did not include Patel. The Court further learned that Defendants had not made any payment to Plaintiff, and had only paid Theuer.

## II. Legal Standards

District courts have the inherent authority to enforce settlement agreements. Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002). However, because federal courts are courts of limited jurisdiction, "a district court may not enforce a Settlement Agreement unless 'the agreement had been approved and incorporated into an order of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction.'" Columbus-Am. Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 299 (4th Cir. 2000) (quoting Fairfax Countywide Citizens Ass'n v. Fairfax Cnty., 571 F.2d 1299,

2

1303 (4th Cir. 1978)). However, there is jurisdiction to enforce the settlement agreement if the court approves and incorporates it into its order. Columbus-Am., 203 F.3d at 299 (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381 (1994)). The Court has the inherent power to issue sanctions for bad-faith conduct. Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991).

### III. Factual findings

The Court **FOUND** that Defendants are in intentional violation of this Court's Orders. The Court **FOUND** that Defendants have acted in bad-faith in their failure to follow the terms of the Settlement Agreement. Ordered to comply with the Court's Orders, Defendants opted to pay only Theuer, and not make any payment to Patel. Furthermore, Defendants executed a DOT in favor of Theuer only, and did not secure the debts owed to Patel. The Court infers that Defendants' conduct was clearly designed to have Theuer drop his enforcement action, and hope that the Court would not seek to enforce Defendants' obligations as to Patel.

### IV. Conclusion

Given Defendants' intentional, bad-faith misconduct in violation of this Court's Orders, and having given Defendants notice that failure to abide by said Orders would result in sanctions, the Court **FOUND** sanctions were necessary if Defendants continued in the persistent, willful disregard of the Court's Orders.

Defendants were **ORDERED** to amend the DOT executed in favor of Theuer to secure the amounts due to both Theuer and Patel within five (5) business days of this Order. Failure to comply with this **ORDER** will result in **SANCTIONS** of $100 per day until the amended DOT is executed.

Defendants were further **ORDERED** to begin making payments to Patel in compliance

with the terms of the Settlement Agreement approved in the Court's April 23 Order within fifteen (15) business days of this Order. Failure to comply with this **ORDER** will result in **SANCTIONS** of $100 per day until Defendants are in compliance with the payment schedule outlined in the Settlement Agreement.

A hearing was **SCHEDULED** for July 14, 2014 at 12:00 p.m. to assess Defendants' compliance and to determine if more sanctions are necessary. Defendants were warned that failure to comply with the Court's directives may result in the Court being force to call their counsel to testify before the Court, and which could result in the corporate and LLC Defendants being pro se, which is imperssible.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record, as well as to pro se Plaintiff Patel.

It is so **ORDERED.**

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

Date: June 23rd, 2014

4